IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  3:18cr51/MCR/HTC
3:19cv5065/MCR/HTC

VINCENT LEWIS DENNIS
    Reg. No. 26070-017

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Vincent Lewis Dennis's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF Doc. 67. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; *see also* 28 U.S. C. § 636(b) and Fed. R. Civ. P. 72(b). After consideration of the motion, the record, the relevant law, and the Government's response (ECF Doc. 69),[1] the undersigned recommends the motion be DENIED. Notably, the motion is subject to dismissal for failure to prosecute and is also without merit.

---

[1] Dennis did not file a reply to the Government's response.

Case Nos.: 3:18cr51/MCR/HTC; 3:19cv5065/MCR/HTC

I. BACKGROUND AND ANALYSIS

After a jury trial, Dennis was found guilty of possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A Judgment of Conviction was entered against Dennis on January 30, 2019, sentencing him to 50 months' imprisonment with credit for time served from January 18, 2018 to January 19, 2018, and from October 2, 2018. ECF Doc. 61. Dennis filed a § 2255 motion to vacate his Judgment on or about December 19, 2019, on the single ground that counsel was constitutionally ineffective for failing to file an appeal despite having been specifically requested to do so "via postal mail correspondence and telephonic communication." ECF Doc. 67 at 4.

Dennis submitted an affidavit in support of his motion. ECF Doc. 67-1. Although the affidavit is signed by a case manager authorized to administer oaths, it is not signed by Dennis. *Id.* Attached to the affidavit is correspondence dated January 23, 2019, from Dennis addressed to his counsel, John A. Terrezza, asking counsel to file an appeal based on the *Rehaif* case,[2] which Dennis states in the letter had not been decided yet. ECF Doc. 67-1 at 4. Because the affidavit was not signed by Dennis, the Court advised Dennis in its December 26, 2019, Order that it would

---

[2] *See Rehaif [v. United States*, 139 S. Ct. 2191 (2019)]

Case Nos.: 3:18cr51/MCR/HTC; 3:19cv5065/MCR/HTC

not consider either the affidavit or the letter as "evidence" unless Dennis corrected this deficiency (ECF Doc. 68). Although the Court gave Dennis thirty (30) days to provide the Court with a signed affidavit, he did not do so. Thus, Dennis has not submitted any evidence to support his motion.

In the Court's December 26, 2019, Order, the Court also directed the Government to file a response to Dennis's motion, which the Government did on February 20, 2020. ECF Doc. 69. The Government's response includes a sworn, signed affidavit from Mr. Terrezza. ECF Doc. 69-1. In the affidavit, Mr. Terrezza states that (1) Dennis specifically told him after Dennis's sentencing hearing on January 16, 2019, that he did not want to appeal; (2) Mr. Terrezza has no record of receiving the January 23, 2019, letter from Dennis; and (3) Mr. Terrezza visited Dennis at the Santa Rosa County Jail on January 25, 2019, to discuss Dennis's appellate rights and Dennis again confirmed he did not want to appeal. ECF Doc. 69-1 at 1.

Mr. Terrezza's affidavit also includes email exchanges between him and Dennis after the Judgment and sentencing regarding Dennis's desire to participate in the RDAP program and information he needed from Mr. Terrezza in that regard. ECF Doc. 69-2. Additionally, it appears based on those email communications that

Dennis mentioned *Rehaif* for the first time in July 2019, long after his time to file a direct appeal would have expired, and long after Dennis purportedly authored the January, 2019 letter. ECF Doc. 69-2 at 16.

The evidence offered by the Government contradicts Dennis's assertion that he told counsel to file an appeal. Absent an executed affidavit from Dennis or the submission of some evidence to contradict Mr. Terrezza's verified declaration, Dennis cannot show he is entitled to relief or an evidentiary hearing. *See Matthews v. United States,* 533 F.2d 900, 903 (5th Cir. 1976) ("when the record discloses other credible documentary evidence which indicates a right to relief an evidentiary hearing may be necessary"), *quoting Vandenades v. United States,* 523 F.2d 1220, 1223 (5th Cir. 1975). Therefore, the Court afforded Dennis a second opportunity to submit evidence in support of his claim.

On February 24, 2020, the Court entered an order instructing Dennis to file an executed and sworn statement setting forth, in as much detail as possible, *all* communications he had with counsel regarding an appeal. ECF Doc. 70. Dennis was also directed to identify the witnesses to these conversations, if any, and to address the other arguments made in the Government's response. Dennis was advised that failure to timely comply with the Court's Order could be construed as

abandonment of his motion and could result in dismissal without prejudice. Nearly sixty (60) days have elapsed and Dennis has not submitted anything to the Court.

Accordingly, the undersigned recommends Dennis's motion be denied without an evidentiary hearing. Such a hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). The record contains no evidence in support of Dennis's position and his motion should be denied.

II.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the

undersigned also recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The motion to vacate under 28 U.S.C. § 2255 (ECF Doc. 67) be DENIED.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 30th day of April, 2020.

s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 3:18cr51/MCR/HTC; 3:19cv5065/MCR/HTC